**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Sandoval,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Corizon, L.L.C., et al.,<br><br>　　　　　Defendants. | No. CIV 16-728-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Strike Portions of Plaintiff's First Amended Complaint and Plaintiff's Notice of Other Acts (Doc. 19) and the Motion to Stay (Doc. 25) filed by Defendants Corizon, LLC, Spencer Sego, Joanne Grafton, Dr. Chris Johnson, Charles Ryan, and Dr. Robertson (collectively "Defendants"). A response (Doc. 20) and a reply (Doc. 22) have been filed. Also pending before the Court is the Motion to Disqualify (Doc. 21) filed by Plaintiff Felipe Sandoval ("Sandoval"). A response (Doc. 23), a reply (Doc. 24), and a supplemental reply (Doc. 28) have been filed.

*Procedural History*

On January 12, 2017, Sandoval filed an Amended Complaint in this case. Sandoval alleges he has kidney problems, is on dialysis, and that nephrologists have suggested that he get a kidney transplant. Sandoval asserts Defendants Grafton and Johnson denied his requests for a kidney transplant and nerve damage treatment because Sandoval did not qualify "under their policy." Sandoval also claims he did not receive alternative treatment.

Sandoval also alleges Defendants Grafton and Johnson have also refused treatment to other inmates, other inmates are either being denied treatment or receiving delayed treatment, and that these denials have been upheld by others. Sandoval further claims that Defendant Corizon and Defendant Ryan have policies of delaying and/or denying medical care for serious medical needs and have implemented a grievance process, a treatment strategy, and a litigation strategy to reduce costs. Sandoval asserts Defendant Ryan has a duty to provide inmates with treatment for serious medical needs and cannot delegate that duty to Defendant Corizon. Sandoval claims Defendant Ryan knows, through reports, grievances, complaints, and lawsuits, that Defendant Corizon is delaying and denying treatment. Sandoval also alleges that Defendant Ryan gave the medical care contract to Defendant Corizon because others lobbied on Defendant Corizon's behalf. Sandoval claims Defendants Ryan and Robertson used to work for Corizon's lobbyists and that Defendants Ryan and Robertson changed medical policy based on those lobbyists. Sandoval also claims that Defendants Ryan and Robertson, in an effort to prevent inmates from complaining about the denial of treatment, have created a "vexatious grievance provision" that can cause inmates to lose good time credits.

On February 3, 2017, this Court issued a screening order in which the Court found Count One of the Amended Complaint states a claim for an Eighth Amendment medical care violation against Defendants. Additionally, the Court dismissed Counts Two and Three, which alleges Defendants abused their power, and dismissed additional co-defendants.

On April 24, 2017, Defendants filed a Motion to Strike Portions of Plaintiff's First Amended Complaint and Plaintiff's Notice of Other Acts (Doc. 19). A response (Doc. 20) and a reply (Doc. have been filed.

On May 1, 2017, Sandoval filed a Motion to Disqualify (Doc. 21). A response (Doc. 23), a reply (Doc. 24), and a supplemental reply (Doc. 28) have been filed.

*Motion to Strike* (Doc. 19)

Defendants assert the following portions of the Amended Complaint should be stricken as immaterial, impertinent, and/or irrelevant to Sandoval's individual claims, are prejudicial and scandalous, and do not relate to Sandoval's medical care claims:

> (1) Count I paragraph 3 (18) p. 3B, those allegations relating to Terry Stewart or Dr. Thomas Lutz have been dismissed by the Court's Screening Order [Doc. 9] and should be stricken;
>
> (2) Count I paragraph 3 (19) p. 3C, Plaintiff's claims that Answering Defendants created a grievance process, litigation strategy, and/or treatment strategy based upon reduction of costs, or that Corizon has been sanctioned more than 250 times, or that Ryan has improperly concealed and kept confidential materials or information;
>
> (3) Count I paragraph 3 (20) and (21) p. 3C, allegations that Answering Defendants Corizon and Ryan adopted policies to delay/deny necessary medical care, and engaged in a cover up; and
>
> (4) Count I paragraph 3 (22) through (27) p. 3C-D , Plaintiff's allegations relating to Terry Stewart, Dr. Thomas Lutz, Edward Shuman, and Greg Fizer which have been dismissed by the Court's Screening Order [Doc. 9]. Plaintiff's allegations in those paragraphs alleging a cover up, that Corizon's medical decisions not to provide treatment are not subject to review, that they have prevented inmates from complaining that they are being denied treatment for their serious medical needs through vexatious grievance provisions, refused to provide treatment for necessary medical needs, and/or that there are no available administrative remedies.

Motion to Strike (Doc. 19), pp. 2-3. Defendants also request Sandoval's Notice of Other Acts (Doc. 10) be stricken – the Notice of Other Acts is, in essence, a listing of other alleged lawsuits that purport to support Sandoval's claims. Defendants assert "[t]he Court is not in the practice of trying hundreds of other cases, based solely upon Plaintiff's or someone else's interpretation of allegations and ignoring defenses, in order to allow Plaintiff to pursue his individual claims." *Id*. at 3.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi – Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Nonetheless, motions to strike "are generally disfavored because the motions may be used as delay[] tactics and because of the strong policy favoring resolution of the merits." *Barnes v. AT & T Pension*

*Benefit Plan*, 718 F.Supp.2d 1167, 1170 (N.D.Cal.2010). Despite its general disfavor, however, a district court's ruling on a motion to strike is reviewed only for an abuse of discretion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005).

A review of the allegations in the Amended Complaint lead to a conclusion that the statements are not prejudicial. Rather, they simply reflect a party's view of events from a different perspective. The issue, therefore, is whether the statements are impertinent, scandalous, irrelevant or do not relate to Sandoval's medical care claims. *See* e.g. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone).

As the Court previously stated, a § 1983 medical claim requires a showing of "(1) a 'serious medical need' by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent." February 3, 2017, Order (Doc. 9), p. 5 (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* A plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (citing *Estelle*, 429 U.S. at 104) (internal quotation marks omitted). Second, the plaintiff "must show the defendant's response to the need was deliberately indifferent." *Id.* The second prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

caused by the indifference." *Id*.

In other words, it will be Sandoval's burden to establish that Defendants' purposeful acts or failures to act caused harm. If the alleged conduct may establish a pattern of behavior or be relevant on the issues of "credibility, notice to the employer, ratification by the employer and motive of the officers[,]" *Ortega v. San Diego Police Dept.*, No. 13–CV–87–LAB (JMA), 2013 WL 5724032 *3 (S.D. Cal. Oct. 21, 2013); *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (in context of establishing a claim for failure to train, the Court recognized that a policymaker's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action – the 'deliberate indifference' – necessary to trigger municipal liability.") (citation omitted), the striking of the language is not appropriate. Additionally, while the Court agrees with Defendants that *Thompson v. L.A.*, 885 F.2d 1439, 1444 (9th Cir. 1997) (overruled on other grounds), involved a prior court order (i.e., established facts) rather than mere allegations in other lawsuits, the Court will consider whether Sandoval's other act allegations may constitute established facts.

As to Defendants' objection to Count I paragraph 3 (18) p. 3B of the Amended Complaint, the Court agrees the allegations relating to Terry Stewart or Dr. Thomas Lutz (lobbying) are not relevant to Sandoval's medical care claims and will not establish a pattern of behavior or be relevant to the issues of credibility, notice to any Defendant, ratification by employer Defendants, or the motives of any of the Defendants. Indeed, even if Sandoval establish this as fact, it would not affect elements of Sandoval's medical care claim. The Court will order this paragraph to be stricken.

In considering Sandoval's allegations that Corizon created a grievance process,[1]

---

[1] The Bureau of Prisons' grievance policy (i.e., the Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*) allows inmates "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). There is no exception or additional requirements for grievances regarding medical care. Sandoval does not provide

- 5 -

litigation strategy, and/or treatment strategy based upon reduction of costs, the Court considers that cost-containment policies, without more, do not give rise to a constitutional deprivation under the Eighth Amendment. *Carrea v. Wang*, No. CV-15-1185 CAS (KS), 2016 WL 703853, at *6 (C.D. Cal. Jan. 28, 2016). Indeed, the mere existence of a budget does not demonstrate deliberate indifference. *Sherman v. Klenke*, 653 Fed.Appx. 580, 592 (10th Cir. 2016) ("The naked assertion that Defendants considered cost in treating [an inmate's] hernia does not suffice to state a claim for deliberate indifference") (citing *Winslow v. Prison Health Servs.*, 406 Fed.Appx. 671, 674 (3d Cir. 2011)); *see also Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014) ("[T]he deliberate indifference standard . . . does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.") (quoting *Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997)). Additionally, that a Defendant has kept details regarding prior litigation confidential is not relevant to Sandoval's claims. The Court will order this paragraph, with the exception of the allegation as to Corizon being sanctioned more than 250 times, be stricken.

As to Defendants' objection to Count I paragraph 3 (20) and (21) p. 3C, regarding policies to delay or deny medical care and engaging in a cover up, the Court recognizes that delay of treatment, without more, does not amount to deliberate indifference to an inmate's serious medical needs. *Estelle*, 429 U.S. at 106; *see also Shapley v. Nev. Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir.1985). Simply put, even if Sandoval established Defendants had a policy to delay or deny medical care and engaged in a cover up, it would not establish that any Defendant acted with deliberate indifference as to Sandoval's medical care. The Court will order this paragraph be stricken.

Sandoval also includes allegations relating to Terry Stewart, Dr. Thomas Lutz, Edward Shuman, and Greg Fizer. The Court does not find these allegations to be material

---

any support for his speculative claim an alternate grievance procedure exists.

or relevant. As to Sandoval's allegations regarding a cover up, that Corizon's medical decisions not to provide treatment are not subject to review, that Defendants have prevented inmates from complaining that they are being denied treatment for their serious medical needs through vexatious grievance provisions, that Defendants refused to provide treatment for necessary medical needs, and that there are no available administrative remedies, these allegations do not include how, if at all, this conduct impacted Sandoval. In other words, Sandoval does not allege, for example, that the grievance procedure resulted in the denial of treatment of Sandoval. The Court finds these allegations are not material to Sandoval's claims and will order them stricken.

The Court will address the allegation that Corizon has been sanctioned more than 250 times in conjunction with Sandoval's Notice of Other Acts. It is not clear if the cases listed in the Notice of Other Acts include the cases in which Corizon is alleged to have been sanctioned. The Court does find that a pattern of being sanctioned may give rise to relevant issues. *See e.g., Gay–Straight Alliance Network v. Visalia Unified School Dist.*, 262 F.Supp.2d 1088, 1099 (E.D.Cal. 2001) ("motions to strike should be denied unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation"); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06–1455 AWI SMS, 2007 WL 210586, at *1 (E.D.Cal. Jan. 26, 2007) (a motion to strike "may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party"). However, a review of a small portion of the cases listed by Sandoval indicates Sandoval's summaries are not accurate descriptions of at least some of the cases. Rather, Sandoval's summaries appear to constitute speculation and/or conclusory legal allegations in the form of factual allegations. Such allegations are improper. *See e.g. Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The Court finds it appropriate to allow the allegation in the Amended Complaint regarding sanctions to Corizon

1 to stand; however, the Court will order the Notice of Other Acts be stricken with leave to
2 resubmit if items included refer to orders, findings, or conclusions by the presiding court.

*Motion to Disqualify*

The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *U.S. v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996). State law governs motions to disqualify counsel. *In re Cnty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000). The Supreme Court of Arizona has stated that "[t]he burden should be upon the moving party to show sufficient reason why an attorney be disqualified from representing his client." *Alexander v. Superior Court In & For Maricopa Cty.*, 141 Ariz. 157, 161 (1984) *see also Richards v. Holsum Bakery, Inc.*, No. CV09-00418-PHX-MHM, 2009 WL 3740725, at *6 (D. Ariz. Nov. 5, 2009) (citing *Complaint of Korea Shipping Corp.*, 621 F. Supp. 164, 169 (D. Alaska 1985) ("[b]ecause…of the 'great prejudice often associated with an enforced change of counsel, courts applying these standards have granted disqualification only when the moving party has demonstrated substantial and irreparable harm growing out of the ethical violation.'"),

"Only in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent[.]" *Alexander*, 141 Ariz. at 161. Courts are to consider the following factors when deciding whether to grant a motion to disqualify opposing counsel: (1) whether the motion is being made for the purposes of harassing the defendant, (2) whether the party bringing the motion will be damaged in some way if the motion is not granted, (3) whether there are any alternative solutions, or is the proposed solution the least damaging possible under the circumstances, and (4) whether the possibility of public suspicion will outweigh any benefits that might accrue due to continued

- 8 -

representation. *Alexander*, 141 Ariz. at 165.[2]

Although the Court does not find Sandoval has made his request for the purposes of harassing Defendants, the fact the allegations in support of the request are not supported does make it clear it cannot be said the request was not made for the purposes of harassment. Further, the Court finds no basis to conclude Sandoval will be damaged in some way if the motion is not granted. Additionally, the Court does not find there is any basis to consider any alternative solutions. Lastly, the Court does not finds there is a possibility of public suspicion if counsel continues to represent defendants. The Court will deny the Motion to Disqualify.

Accordingly, IT IS ORDERED:

1. The Motion to Strike Portions of Plaintiff's First Amended Complaint and Plaintiff's Notice of Other Acts (Doc. 19) is GRANTED IN PART AND DENIED IN PART.

2. Count I paragraph 3 (18) p. 3B of the Amended Complaint is STRICKEN.

3. Count I paragraph 3 (19) p. 3C, with the exception of the allegations that Corizon has been sanctioned more than 250 times, of the Amended Complaint is STRICKEN.

4. Count I paragraph 3 (20) and (21) p. 3C is STRICKEN.

5. Count I paragraph 3 (22) through (27) p. 3C-D of the Amended Complaint is STRICKEN.

---

[2]The *Alexander* test expressly applied only to motions to disqualify counsel based on an appearance of impropriety. 141 Ariz. at 165, 685 P.2d at 1317. Since *Alexander* was decided, Arizona's ethical rules changed and the Arizona Supreme Court has expanded the application of the considerations in *Alexander* to cover challenges to opposing counsel on other grounds, such as conflict of interest. *See Gomez v. Superior Court*, 149 Ariz. 223, 226, 717 P.2d 902, 905 (1986); *see also Turbin v. Superior Court*, 165 Ariz. 195, 199, 797 P.2d 734, 738 (App.1990) (discussing evolution of *Alexander* test); *Sellers v. Superior Court*, 154 Ariz. 281, 290, 742 P.2d 292, 301 (App.1987) (noting first three considerations in *Alexander* applied to discussion of disqualification based on other ethical rules).

- 9 -

6. The Notice of Other Acts (Doc. 10) is STRICKEN with leave to resubmit if items included refer to orders, findings, or conclusions by the presiding court.

7. The Motion to Disqualify (Doc. 21) is DENIED.

8. The Motion to Stay (Doc. 25) is DENIED AS MOOT.

9. The interim stay issued by this Court (Doc. 27) is LIFTED.

DATED this 21st day of June, 2017.

_____
Cindy K. Jorgenson
United States District Judge