**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Sandoval,<br><br>   Plaintiff,<br><br>vs.<br><br>Corizon, L.L.C., et al.,<br><br>   Defendants. | No. CIV 16-728-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Compel for Failing to Object or Respond (Doc. 33) filed by Plaintiff Felipe Sandoval ("Sandoval"). Defendants have filed a response and Sandoval has filed a reply.

*Procedural Requirements*

Defendants assert Plaintiff has not complied with Fed.R.Civ.P. 37(a)(1) or LRCiv 7.2(j). Indeed, the Local Rules for the District Court of Arizona provide that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." LRCiv 7.2(j); *see also* Fed.R.Civ.P. 37(a); *Patch v. Arpaio*, No. CV 08-0388-PHX-GMS (DKD), 2010 WL 432354, at *10 (D. Ariz. Feb. 2, 2010) (holding that "[p]ro se [inmate] litigants must follow the same rules of procedure that

govern other litigants.") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc))).

Although Sandoval asserts in his reply that he contacted counsel and did not receive a response, Sandoval provides no affidavit, declaration, or certification signed under penalty of perjury, detailing his good faith attempts with opposing counsel to resolve the discovery dispute prior to seeking a judicial resolution of the issue.

Additionally, Defendants assert Sandoval has failed to identify which of his discovery requests are the subject of his Motion to Compel (as he similarly failed to do in his Notice of Non-Compliance and Waiver (Doc. 32)).

Nonetheless, the Court will consider the motion.

*Motion to Compel for Failing to Object or Respond*

Discovery in civil cases is permitted as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). Furthermore, Rule 26 permits the discovery of information which may relate "to the *credibility* of a witness or other evidence in the case[.]" Schwarzer, Tashima & Wagstaff, *Federal Civil Procedure Before Trial* § 11.624. Additionally, the Court is to limit the extent of discovery if it is "outside the scope permitted by Rule 26(b)(1). Fed.R.Civ.P. 26(b)(2)(C)(iii).

One purpose of discovery is to "reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004). Indeed, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the

spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . ." *Burlington Northern & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1148-49 (9th Cir. 2005) (citation omitted).

Sandoval asserts Defendants have failed to object to, answer, or seek more time to respond to his discovery requests. Sandoval requests the Court find that all objections are waived and order Defendants to provide the discovery. Defendants assert, however, that some discovery requests are irrelevant in light of the Court's previous order striking allegations not related to medical care provided to Sandoval and striking Sandoval's Notice of Other Acts. In other words, Defendants argue that the discovery requests are outside the scope of discovery as permitted by Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). *See also* Fed.R.Civ.P. 33(a)(2), 34(a)(1). Additionally, Defendants implicitly argue that when the Court struck Sandoval's allegations and Notice of Other Acts, Defendants reasonably believed Sandoval's requests related to the stricken allegations were mooted. While Defendants do not provide any reason why they failed to respond to the discovery requests with objections regarding relevance or mootness of the issues in light of the Court's ruling rather than just ignore the requests, the Court nonetheless finds Defendants' conduct to be reasonable.

Moreover, the Court has struck Sandoval's allegations regarding conduct not related to Sandoval's medical care. The parties have not provided the Court with copies of all of the discovery requests. The Court, therefore, cannot review the requests to determine whether the Court agrees with Defendants that the requests seek discovery of information outside the scope of Fed.R.Civ.P. 26. However, a review of the discovery requests that are the subject of the Motion to Compel and for which a copy has been provided to the Court shows that Sandoval's requests are outside the scope of discovery as irrelevant. *See* June 22, 2017 Order (Doc. 29) (discussing conduct relevant to Sandoval's claims). Additionally, the Court

does consider that, although Sandoval's reply states that the discovery is relevant to his claims, he does not clarify how or why. Rather, his reply further states, "In the fact of clear and convincing evidence that Corizon is not providing us with ad[e]quate healthcare the motion to compel should be granted." Reply (Doc. 35), p. 2. It appears Sandoval maintains, despite the Court's prior ruling, that other conduct of Corizon is relevant. As the Court has found such conduct is not relevant, June 22, 2017 Order (Doc. 29), the Court finds the requested disclosure is outside the scope of discovery. As such the Court does not find it appropriate to sanction Defendants or find that they have waived any objections.

Accordingly, IT IS ORDERED the Motion to Compel for Failing to Object or Respond (Doc. 33) is DENIED.

DATED this 26th day of September, 2017.

_____
Cindy K. Jorgenson
United States District Judge